IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2021-D

| | | |
|---|---|---|
| ROGER T. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY JOHNS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Roger T. Davis ("Davis" or "petitioner"), proceeding pro se, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On January 3, 2011, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed [D.E. 2]. On March 28, 2011, respondent filed a motion to dismiss or for summary judgment [D.E. 6], along with the declaration of J. R. Johnson, a Correctional Programs Specialist for the Bureau of Prisons ("BOP") at the Designation and Sentence Computation Center [D.E. 7-1], and several exhibits [D.E. 7-2]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Davis about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 8]. Davis did not file any response, and the time within which to do so has expired.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary

judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

In 1993, Davis was convicted in the Western District of Virginia of one count of distribution of cocaine in violation of 21 U.S.C. § 841 and four counts of use of a communication facility in the distribution of cocaine in violation of 21 U.S.C. § 843(b) and was sentenced to 240 months' imprisonment. See Pet. ¶¶ 3–4; see also United States v. Davis, No. 7:91-CR-00137-jct-1 (W.D. Va.). Davis appealed, and the Fourth Circuit affirmed. United States v. Davis, No. 7:91-CR-00137-jct-1, [D.E. 3] (W.D. Va. Oct. 26, 1994) (docket entry indicating judgment affirming sentence).

When Davis committed his federal offenses, he "was on parole from the Virginia Department of Corrections" and was sentenced to an additional "term [of incarceration] imposed for parole violation." Def. Mem. Supp. Mot. Sum. J. 2. Thus, Davis did not enter federal custody until October 9, 1995. Id. Att. 1 ("Johnson Decl.") ¶ 11.

In November 2004, Davis filed a motion in his federal criminal case to "amend his judgment order to indicate that the federal sentence should run concurrently with [his] after-imposed state

2

sentence for parole violation." United States v. Davis, No. 7:91-CR-00137-jct-1, Order at 1 (W.D. Va. Feb. 23, 2005) (unpublished). The district court denied the motion reasoning that "the court has no authority to order that a federal criminal sentence run concurrently with any sentence that has not already been imposed at the time of the federal sentencing hearing" and that in any event the motion was untimely pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure. Id.

On October 11, 2007, Davis filed a section 2241 petition in this district, seeking credit for "515 days . . . in which he was incarcerated within the Roanoke City Jail awaiting trial" on the federal charges. Davis v. Johns, 5:07-HC-2188-FL, Mem. Supp. Pet. at 2 (E.D.N.C. Oct. 11, 2007). On August 20, 2008, the court denied the petition as moot because "the BOP reviewed petitioner's sentence and awarded petitioner credit for the time period sought." Id., Order at 3 (E.D.N.C. Aug. 20, 2008) (unpublished).

In October 2008, Davis applied to the BOP for a nunc pro tunc designation of his federal sentence to commence with the state sentence imposed for his parole violation, pursuant to 18 U.S.C. § 3621(b). Mem. Supp. Pet. 7; id. Att. 1 ("10/24/08 letter from petitioner to BOP"). The district judge who had imposed Davis's federal sentence wrote a letter in support of the application. Id. Att. 2 ("12/18/08 letter from Judge Turk to BOP"). Warden Johns responded to the application, indicating that the BOP "chose[] to interpret [the] letter as a request that [Davis] be considered for modification of term, or a reduction in sentence" and denied the application on January 14, 2009. Id. Att. 3 ("1/14/09 letter from BOP to petitioner"). Davis asserts that the BOP violated due process by "erroneously . . . mis-constru[ing] the petitioner's request for a *nunc pro tunc* designation as a request for a sentence reduction," and in failing to consider the factors under 18 U.S.C. 3621(b). Mem. Supp. Pet. 6.

On January 20, 2011, in response to Davis's habeas petition, the BOP considered Davis's

3

application for nunc pro tunc designation pursuant to BOP's Program Statement 5160.05 and the factors listed in 18 U.S.C. § 3621(b). Johnson Decl. ¶¶ 14, 17; id. Att. 8 ("Nunc pro Tunc Worksheet"). The BOP denied Davis's request for a nunc pro tunc designation based on its review of the § 3621(b) factors, specifically factors two through four. Johnson Decl. ¶¶ 19–22; Nunc pro Tunc Worksheet. Thus, respondent seeks summary judgment and contends that "the ultimate determination of whether to grant a nunc pro tunc designation 'is a matter within [the BOP's] sound discretion[,]'" and that "courts 'cannot lightly second guess a deliberate and informed determination by an agency charged with administering federal prison policy.'" Def. Mem. Supp. Mot. Sum. J. 5 (citing Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 76 (2d Cir. 2005); Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002); Barden v. Keohane, 921 F.2d 476, 483 (3rd Cir. 1990)).

The BOP has discretion to designate a prisoner to "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). The phrase "or otherwise" refers to the BOP's authority to designate federal prisoners to state prisons. United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); see also Trowell v. Beeler, 135 F. App'x 590, 593 (4th Cir. 2005) (per curiam) (unpublished) ("Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement [, including a state prison]."); Jefferson v. Berkebile, 688 F. Supp. 2d 474, 486 (S.D. W. Va. 2010). Therefore, "BOP must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." Trowell, 135 F. App'x at 595.

BOP is not required to "consider each factor listed in § 3621, but rather only . . . each factor that is relevant to its decision in ruling on [petitioner's] nunc pro tunc designation request." Trowell,

4

135 F. App'x at 596 n.4. Additionally, BOP is not required to "give each relevant factor equal weight." Id. BOP's "decision is entitled to a presumption of regularity and will not be disturbed in the absence of clear evidence of error or abuse of discretion." Jefferson, 688 F. Supp. 2d at 496 (citing Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004)); see also Abdul-Malik, 403 F.3d at 76.

Here, the BOP fully considered all the required factors. Although the BOP may have erred in finding that the sentencing court did not support Davis's application, see Johnson Decl. ¶ 22; Nunc pro Tunc Worksheet, any such error is insufficient to overturn the BOP's ultimate decision to deny Davis's application. The court reaches this conclusion in light of the record and the Fourth Circuit's admonishment that the opinion of the sentencing court does not control the BOP's determination. See Trowell, 135 F. App'x at 596.

II.

For the reasons stated, the court GRANTS respondent's motion to dismiss or for summary judgment [D.E. 6]. Petitioner's application for habeas corpus relief is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED. This __23__ day of September 2011.

JAMES C. DEVER III
United States District Judge